

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| | § | |
| VS. | § | CASE NO. 1:09-CR-17 |
| | § | |
| BRIAN TERRANOVA | § | |

### FINDINGS OF FACT AND RECOMMENDATION ON GUILTY PLEA
### BEFORE THE UNITED STATES MAGISTRATE JUDGE

The District Court referred this matter to the undersigned United States Magistrate Judge for administration of a guilty plea and allocution under Rules 11 and 32 of the Federal Rules of Criminal Procedure. Magistrate judges have the statutory authority to conduct a felony guilty plea proceeding as an "additional duty" pursuant to 28 U.S.C. § 636(b)(3). *United States v. Bolivar-Munoz*, 313 F.3d 253, 255 (5th Cir. 2002), *cert. denied,* 123 S. Ct. 1642 (2003).

On August 12, 2009, this cause came before the undersigned United States Magistrate Judge for entry of a guilty plea by the Defendant, Brian Terranova, on **Count 2** of the charging **Indictment** filed in this cause. Count 2 of the Indictment charges that on or about February 5, 2008, in the Eastern District of Texas, Brian Terranova, Defendant herein, did knowingly travel

in interstate commerce from the State of New Jersey, to the State of Texas, with intent to promote, manage, establish, carry on, and to facilitate the promotion, management, establishment and carrying on of an unlawful activity, said unlawful activity being the conspiracy to distribute and possess with the intent to distribute a Schedule II controlled substance, namely, cocaine, in violation of Title 21, United States Code, Section 846, and thereafter did perform and attempt to perform acts to promote, manage, establish, and carry on, and to facilitate the promotion, management, establishment, and carrying on of said unlawful activity, all in violation of Title 18, United States Code, Section 1952.

After conducting the proceeding in the form and manner prescribed by Federal Rule of Criminal Procedure 11 the Court finds:

a. That Defendant, after consultation with counsel of record, has knowingly, freely and voluntarily consented to the administration of the guilty plea in this cause by a United States Magistrate Judge in the Eastern District of Texas subject to a final approval and imposition of sentence by the District Court.

b. That Defendant and the Government have entered into a plea agreement which was disclosed and addressed in open court, entered into the record, and placed under seal.

c. That Defendant is fully competent and capable of entering an informed plea, that Defendant is aware of the nature of the charges and the consequences of the plea, and that the plea of guilty is a knowing, voluntary and freely made plea. Upon addressing the Defendant personally in open court, the Court determines that Defendant's plea is voluntary and did not result from force, threats or promises. *See* FED. R. CRIM. P. 11(b)(2).

d. That Defendant's knowing, voluntary and freely made plea is supported by an independent factual basis establishing each of the essential elements of the offense and Defendant realizes that his conduct falls within the definition of the crime charged under 18 U.S.C. § 1952.

## STATEMENT OF REASONS

As factual support for Defendant's guilty plea, the Government presented the following evidence, which was admitted into the record at the plea hearing. *See Factual Basis and Stipulation*. The Government and the Defendant agreed that if this case were to proceed to trial, the Government would prove that Defendant is one and the same person charged in the Indictment and that the events described in Indictment occurred in the Eastern District of Texas and elsewhere. The Government would also prove each essential element of the charged offense beyond a reasonable doubt through the testimony of witnesses, including expert witnesses, and through admissible exhibits. Specifically, the parties stipulated that the Government would prove the following facts, through the following evidence:

Sergeant Tracy Sorge of the Orange County Sheriff's Department would testify that on February 5, 2008, he was on patrol westbound on Interstate Highway 10 in Orange County, Eastern District of Texas, when he observed a black Jeep bearing New Jersey license plate SN-950F, commit several traffic violations. Sergeant Sorge would testify that after stopping the Jeep, he identified the driver as Celso Laredo. As Sgt. Sorge explained the reasons for the traffic stop and spoke with Mr. Celso, he learned that Mr. Celso was unsure about the ownership of the vehicle, but thought the front seat passenger was the owner. Sgt. Sorge then spoke to the front

seat passenger, identified as Brian Terranova. Terranova advised Sgt. Sorge that he had borrowed the vehicle from the owner in New Jersey to drive Celso and the other two passengers to Houston, Texas. During interaction, Sgt. Sorge noted several significant conflicts between statements made by Terranova and Celso. This caused Sgt. Sorge to become concerned that illegal activity might be occurring and he asked for and received consent to search the vehicle from Terranova. During the ensuing search, Sgt. Sorge located $ 260,967.00 in US currency hidden in a void behind the drivers side taillight - inside the fender well. Sgt. Sorge would testify that Terranova and the other occupants of the vehicle each denied any knowledge of, or interest in the money.

A Cooperating Source: would testify that in February 2008, he was working as a Cooperating Source (CS) for the Ocean County (NJ) Special Operations Group (OCSOG), investigating drug trafficking offense occurring in that region of New Jersey. The CS would testify that on February 6, 2008, Brian Terranova came to his residence and told him that he (Terranova) got arrested in Texas with three Mexican males, and that the authorities in Texas seized $260,000.00 that had been hidden in the taillights of the vehicle. The CS would testify that on February 8, 2008, acting at the direction of the OCSOG, he recorded a conversation with Terranova. The CS would testify that during this recorded conversation, Terranova made admissions regarding the money seized in Texas, and that the purpose of the trip to Texas was to purchase cocaine. The CS would admit this recording into evidence and identify his voice and Terranova's voice on the recording.

Special Agent (SA) Jeff Fuselier of the Bureau of Immigration and Customs Enforcement

(ICE) would testify that on February 5, 2008, he responded to a request for assistance and met with Sgt. Sorge in Orange County, where he was briefed on the situation and introduced to Brian Terranova. SA Fuselier would testify that after advising Terranova of his constitutional rights, SA Fuselier asked Terranova if he was willing to waive his rights and speak with officers. Terranova advised that he was willing to answer questions. SA Fuselier would testify that Terranova explained that he had borrowed the car from a friend named Jimmy Dellapietro to drive Celso and the other two men to Houston to watch a soccer game. SA Fuselier would testify that Terranova explained that he was to be paid $2,000.00 to make this trip. SA Fuselier would testify that Terranova continued to deny any knowledge of the money. SA Fuselier would testify that in February 2008, the average wholesale price in Houston, Texas, for a kilogram of cocaine was approximately $22,000.00, and that based upon the evidence seized and the recorded statements of the Terranova, the conduct involved a conspiracy to distribute cocaine, in an amount greater than five (5) kilograms. Lastly, SA Fuselier would testify that in his expert opinion, such a quantity of cocaine is evidence of an intent to distribute.

The Defendant, Brian Terranova, further stipulated and agreed that on or about February 5, 2008, he traveled from the State of New Jersey, to the State of Texas, with the intent to facilitate the purchase of cocaine, in an amount greater than five (5) kilograms.

Defendant, Brian Terranova, also agreed with the facts set forth by the Government and signed the *Factual Basis and Stipulation.* Counsel for Defendant and the Government attested to Defendant's competency and capability to enter an informed plea of guilty. The Defendant agreed with the evidence presented by the Government and personally testified that he was

entering his guilty plea knowingly, freely and voluntarily.

## RECOMMENDED DISPOSITION

**IT IS THEREFORE** the recommendation of the undersigned United States Magistrate Judge that the District Court accept the Guilty Plea of Defendant which the undersigned determines to be supported by an independent factual basis establishing each of the essential elements of the offense charged in **Count 2** of the charging **Indictment** on file in this criminal proceeding. The Court also recommends that the District Court conditionally accept the plea agreement.[1] Accordingly, it is further recommended that, Defendant, Brian Terranova, be finally adjudged as guilty of the charged offense under Title 18, United States Code, Section 1952.

Defendant is ordered to report to the United States Probation Department for the preparation of a presentence report. At the plea hearing, the Court admonished the Defendant that the District Court may reject his plea and that the District Court can decline to sentence Defendant in accordance with the plea agreement, the federal sentencing guidelines and/or the presentence report because the sentencing guidelines are advisory in nature. The District Court

---

[1] "(3) Judicial Consideration of a Plea Agreement.
(A) To the extent the plea agreement is of the type specified in Rule 11(c)(1)(A) or (C), the court may accept the agreement, reject it, or defer a decision until the court has reviewed the presentence report.
(B) To the extent the plea agreement is of the type specified in Rule 11(c)(1)(B), the court must advise the defendant that the defendant has no right to withdraw the plea if the court does not follow the recommendation or request.
(4) Accepting a Plea Agreement. If the court accepts the plea agreement, it must inform the defendant that to the extent the plea agreement is of the type specified in Rule 11(c)(1)(A) or (C), the agreed disposition will be included in the judgment.
(5) Rejecting a Plea Agreement. If the court rejects a plea agreement containing provisions of the type specified in Rule 11(c)(1)(A) or (C), the court must do the following on the record and in open court (or, for good cause, in camera):
(A) inform the parties that the court rejects the plea agreement;
(B) advise the defendant personally that the court is not required to follow the plea agreement and give the defendant an opportunity to withdraw the plea; and
(C) advise the defendant personally that if the plea is not withdrawn, the court may dispose of the case less favorably toward the defendant than the plea agreement contemplated." FED. CRIM. P. 11(c)(3)-(5).

may defer its decision to accept or reject the plea agreement until there has been an opportunity to consider the presentence report. *See* FED. R. CRIM. P. 11(c)(3). If the Court rejects the plea agreement, the Court will advise Defendant in open court that it is not bound by the plea agreement and Defendant may have the opportunity to withdraw his guilty plea, dependent upon the type of the plea agreement. *See* FED. R. CRIM. P. 11(c)(3)(B). If the plea agreement is rejected and Defendant still persists in the guilty plea, the disposition of the case may be less favorable to Defendant than that contemplated by the plea agreement. Defendant has the right to allocute before the District Court before imposition of sentence.

## **OBJECTIONS**

Within ten (10) days after receipt of this report, any party may serve and file written objections to the report and recommendation of the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(C). Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within ten (10) days after service shall bar an aggrieved party from *de novo* review by the District Judge of the proposed findings, conclusions and recommendations, and from appellate review of factual findings and legal conclusions accepted by the District Court except on grounds of plain error. *Douglass v. United Serv. Auto. Ass'n.,* 79 F.3d 1415 (5th Cir. 1996) (*en banc*); 28 U.S.C. § 636(b)(1). The constitutional safeguards afforded by Congress and the courts require that, when a party takes advantage of his right to object to a magistrate's findings or recommendation, a district judge must exercise its nondelegable authority by considering the actual evidence and not merely by reviewing and blindly adopting the magistrate's report and recommendation. *See Hernandez v.*

*Estelle,* 711 F.2d 619, 620 (5th Cir. 1983); *United States v. Elsoffer*, 644 F.2d 357, 359 (5th Cir. 1981) (per curiam).

**SIGNED this the 12nd day of August, 2009.**

_____
KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE